IN THE UNITED STATE DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
WESTERN DIVISION

**TRAVIS RAY MCPEEK,**

    Plaintiff,

vs.

**ELIZABETH ROBINSON,**
Chair of the Iowa Board of
Parole, formerly **DAN CRAIG**,
Warden.

    Defendant.

No. 10-CV-4044-DEO

**Memorandum and Opinion Order**

_____

**I. INTRODUCTION AND BACKGROUND**

This matter is before the Court pursuant to Petitioner's, Travis Ray McPeek's, 28 U.S.C. § 2254 petition. Docket No. 1. The Petitioner's sole claim for relief is "that his constitutional rights were violated by an illegal search and seizure." Docket No. 17, 4.

In September of 2007, Sioux City police began to investigate a case of stolen and forged checks. Docket No. 17-4, 1. In the course of the investigation, they obtained video surveillance from local stores. Id. A tape from Tobacco Hut showed a female and a male with a goatee who appeared to be together using the forged checks. Another tape from Wal-Mart showed just a female in the store, but, when she

came outside, she got into a Chevy Astro-minivan with a distinctive logo printed on the side. Id. The minivan was driven by a male. Id. Investigators had information that Petitioner drove a mini-van for work that matched the description of the mini-van caught on tape. Id. Investigators drove to Petitioner's house and saw a mini-van, as well as another car, parked in Petitioner's drive way. Id. at 2. The other car in the driveway was registered to Katrina McPeek, Petitioner's sister. Id.

The investigators then compared mug shots of Katrina McPeek with the images of the woman on the video surveillance tapes and determined there was a resemblance. Id. Based on this information, police investigators obtained a search warrant of Petitioner's residence. Docket No. 17-6.

During the execution of the search warrant, police officers discovered a marijuana grow operation in the Petitioner's basement. Docket No. 17-4, 2. Based on this discovery, officers stopped their initial search and applied for a new search warrant. Id.

Pursuant to the evidence obtained from this second search, the County Attorney of Woodbury County, Iowa, charged Petitioner with one count of manufacturing a controlled

substance, one count of conspiracy to manufacture a controlled substance, and one count of child endangerment. Docket No. 17-1. Petitioner later entered into a deal with the State, waiving his right to a jury trial and consenting to a bench trial on the charge of manufacturing a controlled substance. The State also agreed to drop the conspiracy and child endangerment charges and not to pursue a habitual offender enhancement. Docket No. 17, 9. Subsequently, the trial court found Petitioner guilty of manufacturing a controlled substance. Id.

Within the State trial proceedings, Petitioner filed a motion to suppress the evidence obtained pursuant to the first search warrant, including the information obtained related to his grow operation. Docket No. 17-3. Specifically, Petitioner argued the application for the warrant failed to disclose that officers either did not compare the male in the video surveillance tapes with Petitioner or, after comparing them, failed to note that there was a lack of similarity between the two. Docket No. 17-3, 2. At the motion to suppress hearing an officer testified that after the execution of the second search warrant, they obtained information that the man in the surveillance video was not the Petitioner but

3

another man who worked for the same company and drove an identical van. Docket No. 17-7, 4. The officer also testified that, at some point, possibly before or possibly after the search warrant was obtained and executed, he had compared mug shots of the Petitioner with the surveillance video, and there were discrepancies between the two, though he maintained they could depict the same man on different dates. Id.

On April 15, 2008, the State District Court issued its decision. The Court thought that some of the officer's testimony was questionable; in particular, it seemed odd that police would compare Katrina McPeek's mug shot with the video surveillance images but fail to do so with Petitioner's mug shot, which was available. However, the Court ultimately ruled that, regardless of the omission of information, there were facts sufficient in the warrant application for a finding of probable cause. Docket No 17-7. The court stated,

> [p]ut simply, the court believes probable cause is warranted even with the omitted video tape information by the simple fact that the officers were informed Defendant was in possession of a van with a distinctive logo that matched the footage taken of the van at a local Wal-Mart and the visual comparison between Katrina McPeek and the woman on the videotape.

4

Iowa District Court for Woodbury County, Case no. FECR-54729, Ruling on Motion to Suppress.

On August 19, 2009, the Iowa Court of Appeals affirmed the District Court's ruling. State of Iowa v. McPeek, 773 N.W.2d 562, 2009 WL 2525480 (Iowa App.). On October 12, 2009, the Supreme Court of Iowa denied Petitioner's request for further review. Case No. 08-1444.

On May 20, 2010, Petitioner timely filed his pro se petition for writ of habeas corpus with this court. Docket No. 1. On February 23, 2011, the CJA panel administrator appointed Attorney Goff as Petitioner's counsel. Docket No. 12. On April 19, 2011, Attorney Goff filed an Anders brief stating that Petitioner lacked a meritorious claim for relief but laying out the facts which might reasonably support the position of her client. Docket No. 17. On May 24, 2011, the State of Iowa filed its answer, arguing Fourth Amendment claims are barred from consideration under 28 U.S.C. § 2254 petitions. Docket No. 25, 1 (citing Stone v. Powell, 428 U.S. 465 (1976).

**II.   LAW AND ANALYSIS**

28 U.S.C. § 2254 provides that a federal court

> shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgement of a

> State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.

28 U.S.C. § 2254(a).

As previously noted, the Petitioner claims the evidence used against him was obtained in violation of his Fourth Amendment right to be secure against unreasonable searches and seizures. Docket No. 1. While Petitioner is in "custody pursuant to the judgment of a State court," and he claims that he is so held "in violation of the Constitution," the Supreme Court has long ago ruled that

> where the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial.

Stone, 428 U.S. at 494 (1976).

The reasoning behind the Court's holding in Stone is that, at the post-conviction stage, the policy behind the exclusionary rule, protection of judicial integrity and to deter law enforcement from violating the Fourth Amendment, becomes outweighed by conflicting interests, such as the pursuit of truth, punishing the guilty, proportional punishment, and popular respect "for the law and the

6

administration of justice." <u>Stone</u>, 428 U.S. at 490-91.

**<u>In this case, the Iowa State Court's provided a full review of Petitioner's Fourth Amendment arguments, and, therefore, pursuant to the Supreme Court's holding in <i>Stone</i>, the Petitioner's request for habeas relief should is denied.</u>**

**IT IS SO ORDERED** this 7th day of November, 2011.

*[signature: Donald E. O'Brien]*
Donald E. O'Brien, Senior Judge
United States District Court
Northern District of Iowa